IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JESUS BACA LIMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:13-cv-1582-JHE |
| ) | |
| EL POBLANO MEXICAN ) | |
| RESTAURANT, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This is a Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, case in which the plaintiff, Jesus Baca Lima, seeks payment from his employer, El Poblano Mexican Restaurant, Inc., for unpaid overtime wages, liquidated damages, attorney's fees and costs pursuant to 29 U.S.C. §§ 216(b).  Doc. 1.  It is now before the court on the parties' "Joint Motion to Approve Settlement Agreement and Dismiss Action by Jesus Baca Lima with Prejudice."  "Joint Motion," Doc. 8.  The parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).  For the reasons that follow, the court approves the parties' settlement and grants the motion to approve the joint stipulation of dismissal.

## FACTS

Plaintiff, who was employed by Defendant as a cook, alleges he regularly worked 60 hours per week and was paid a bi-weekly salary of $800.00.  Doc. 1 at 3.  Plaintiff alleges he was not

"compensated at least the minimum wage for such work" and he did not receive overtime pay for hours worked in excess of 40 hours in a given work week.[1] *Id*.

Defendant denies Plaintiff worked the hours claimed. Doc. 8 at 2. Defendant claims Plaintiff's schedule changed over time, he took extended breaks for which no compensation was due, and he took holidays and other days off. *Id*. at 2-3. The parties state that "[f]or the plaintiff, genuine issues existed as to whether the plaintiff was entitled to overtime payments pursuant to 29 U.S.C. § 207 for the entire period of his employment, whether he could produce compelling evidence supporting his estimated hours of work each week, whether he would receive liquidated damages and whether the defendant would be able to satisfy a verdict." *Id*. "For the defendant, genuine questions existed as to whether the cost of defendant this action would outweigh the benefit of the potential of being successful at trial, whether the lack of records which existed concerning the plaintiff's employment would compel the fact finder to believe the plaintiff's estimated hours of work per week, whether the defendant could prevail on a good faith defense and whether the defendant could satisfy a verdict." *Id*. For purposes of the settlement, Defendant is willing to pay damages "in the amount of $1500.00, which is greater than the full amount of damages due if LIMA worked four weeks, and it greater than the sum of his alleged unpaid wages and statutory damages, if LIMA were able to prove his entitlement to statutory damages." *Id*. at 3.

---

[1] Assuming Lima regularly worked 60 hours per week as he claims, he was due to be paid 40 hours of regular time at $7.25 per hour ($290 per week) plus 20 hours of overtime at $10.87 per hour ($217.50), for a total of $507.50 per week. Lima claims he was paid $400 per week, leaving his alleged claim to be $107.50 per week. Lima is uncertain how many weeks he worked, but it was at least 4 weeks or longer. If he worked 4 weeks, his total claim would be $430 total unpaid wages and $430 for liquidated damages if the underpayment was intentional. Doc. 8 at 2.

## ANALYSIS

The FLSA provides employees are generally entitled to receive overtime pay at one and one-half times their regular rate for all hours worked in excess of 40 per week. *See* 29 U.S.C. § 207(a)(1). An employer who violates the FLSA is liable to its employee for both unpaid overtime compensation and for an equal amount in liquidated damages. 29 U.S.C. § 216(b). In an action to recover unpaid overtime compensation, a court is further required to award a prevailing plaintiff a reasonable attorney's fee and costs of the action.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), the court stated "there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." The primary focus of a court's inquiry in determining whether to approve an FLSA settlement is to ensure that an employer does not take advantage of its employees in settling their claim for wages and other damages due under the statute. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 714, 719 (E.D. La. 2008).

The parties have a legitimate dispute over whether Lima regularly worked over forty hours in a work week, whether it deprived him of minimum wage pay, and the amount of overtime compensation owed Lima. Defendant's offer to pay Plaintiff damages totaling $1500.00, an amount greater than the full amount of damages due if Lima worked 4 weeks, and greater than the sum of his alleged unpaid wages and statutory damages, as set out in the "General Release and Waiver Agreement,"is an appropriate amount for the disputed overtime pay.

Also included in the "General Release and Waiver Agreement" is the agreed-upon attorney's fee, separately negotiated by the parties.[2]  Doc. 14  "Where the attorney's fee was agreed upon separately, without regard to the amount paid to the plaintiff, then 'unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.'" *Davis v. The Filta Group, Inc.*, No. 6:10-cv-457-Orl-31KRS, 2010 WL 3958701, *2 (M.D. Fla. Sept. 20, 2010)(quoting *Bonetti v. Embarq Mgmt. Co.*, No. 6:07-cv-1335-Orl-31GJK, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009)).  Because the attorney's fee was separately negotiated, plaintiff's recovery clearly was not affected by the amount of the attorneys' fee.  Although the court could approve the settlement without considering the reasonableness of the attorneys' fee, the court has considered the amount of the fee and finds it to be reasonable.

## CONCLUSION

Premised on the foregoing, the court finds the proposed "Confidential Settlement Agreement and Release," doc. 14, to be fair and reasonable under the circumstances as to Plaintiff.  The settlement is due to be approved and this matter dismissed with prejudice.

DONE this 22nd day of January, 2014.

_____
JOHN H. ENGLAND, III
UNITED STATES MAGISTRATE JUDGE

---

[2]  Plaintiff's counsel claims to have expended approximately 10 hours of time in the prosecution of Lima's claims.  Counsel also seeks to recover $400.00 in expenses.  Doc. 8 at 4.